UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN WILLIAM MUNSON,

    Petitioner,

v.                                                     Case No. 4:21cv383-WS-HTC

WALT MCNEIL SHERIFF,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, John William Munson, a pretrial detainee at Florida State Hospital awaiting a competency determination on a violation of probation charge, initiated this action by filing a petition under 28 U.S.C. § 2254, seeking habeas relief. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons which follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On October 4, 2021, the undersigned reviewed the petition and determined it was subject to dismissal for failure to exhaust. Namely, Petitioner had not yet been convicted of a violation of probation. Thus, Petitioner failed to exhaust his claims with the state courts. ECF Doc. 4. Rather than recommend the petition for dismissal

at that time, the Court gave Petitioner thirty (30) days to show cause why the petition should not be recommended for dismissal.  *Id.*

Petitioner had also filed a motion to proceed *in forma pauperis*, which did not include the necessary documentation for the Court to determine Petitioner's indigency status.  ECF Doc. 2.  Thus, the Court also denied Plaintiff's motion to proceed *in forma pauperis*, without prejudice, and gave Petitioner thirty (30) days to file a new motion or pay the $5.00 filing fee.  ECF Doc. 4.

On October 14, 2021, the clerk docketed Plaintiff's notice of change of address, which indicated that Petitioner was moved to "the Florida Department in Chattahoochee FL."  ECF Doc. 5.  On October 18, the Court's October 4 order was returned as undeliverable and on October 19, the clerk re-mailed the October 4 order to Petitioner at his "updated address."  ECF Doc. 6.

Despite the passage of now more than thirty (30) days since the October 4 order was re-mailed to Petitioner, Petitioner has not responded to the show cause order or cured the *in forma pauperis* motion deficiency.  Thus, the undersigned recommends Petitioner's case be dismissed without prejudice for failure to prosecute and failure to comply with orders of the Court.

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty*

Case No. 4:21cv383-WS-HTC

*K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2. The clerk be directed to close the file.

Done at Pensacola, Florida, this 19th day of November, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:21cv383-WS-HTC